UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| Debra Zanetti and<br>Daniel Trongone,<br>on behalf of themselves and others<br>similarly situated,<br>　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>IKO MANUFACTURING, INC.,<br>a Delaware corporation;<br><br>IKO INDUSTRIES, LTD., a<br>Canadian corporation;<br><br>IKO SALES, LTD., a Canadian<br>corporation;<br><br>IKO PACIFIC, INC., a<br>Washington corporation; and<br><br>IKO CHICAGO, INC., an Illinois<br>corporation,<br><br>　　　　　　　　　Defendants. | Civil File 09-cv-02017 (DRD/MAS)<br><br><br>**SECOND AMENDED<br>CLASS ACTION COMPLAINT AND<br>JURY DEMAND** |

---

Plaintiffs, on behalf of themselves and others similarly situated, by and through their

undersigned counsel, file this Class Action Complaint, and in support thereof states and

avers as follows:

### NATURE OF ACTION

1. This is a consumer class action on behalf of all persons and entities who purchased

   IKO shingles manufactured or distributed by IKO under various trade names.

2. Defendant IKO Manufacturing, Inc. ("IKO") is a Delaware corporation that

   produces roofing shingles for sale nationwide.

1

3.  IKO manufactured and marketed roofing shingle products sold under various brands and product names (hereinafter "Shingles").

4.  The Shingles, which are composed of asphalt, natural fibers, filler and mineral granules have been marketed and warranted by Defendant as durable, and as offering long-lasting protection.

5.  IKO manufactured, warranted, advertised and sold defective Shingles to tens of thousands of consumers throughout the United States.

6.  Defendants failed to adequately design, formulate, and test the Shingles before warranting, advertising and selling them as durable and suitable roofing products.

7.  Defendants warranted, advertised and sold to Plaintiffs and the Class Shingles that Defendants reasonably should have known were defectively designed, failed prematurely due to moisture invasion, cracking, curling, blistering, deteriorating, blowing off the roof and otherwise not performing in accordance with the reasonable expectations of Plaintiffs and the Class that such products be durable and suitable for use as roofing products. As a result, Plaintiffs and the Class have experienced continuous and progressive damage to their property.

8.  Defendants' sales brochure stated that the Shingles were, among other things "[t]ime-tested and true" and "an excellent choice for exceptional roofing value."

2

9. IKO has consistently represented to consumers that it is "Setting the Standard" for "quality, durability, and innovation." Defendants have not lived up to that promise.

10. IKO markets its warranty as "IRON CLAD."

11. Plaintiffs' Shingles have begun to fail, are failing and will fail before the time periods advertised, marketed and guaranteed by IKO.

12. As a result, Plaintiffs and the Class have suffered actual damages in that the roofs on their homes, buildings and other structures have and will continue to fail prematurely, resulting in damage to the underlying structure and requiring them to expend thousands of dollars to repair the damages associated with the incorporation of the Shingles into their homes, buildings and other structures or to prevent such damage from occurring. Damage caused by the defective shingles has included, but is not limited to: damage to underlying felt, damage to structural roof components, damage to plaster and sheetrock, and damage to walls and ceiling structural components.

13. Because of the relatively small size of the typical individual Class member's claims, and because most homeowners or property owners have only modest resources, it is unlikely that individual Class members could afford to seek recovery against Defendants on their own. This is especially true in light of the size and resources of the Defendants. A class action is, therefore, the only

reasonable means by which Class members can obtain relief from these Defendants.

14. The class Shingles suffer from a set of common defects, as described herein. Despite receiving a litany of complaints during the Class Period from consumers, such as Plaintiffs and the members of the Class, Defendants have refused to effectively notify consumers of the defects, or repair the property damaged by the defects.

## PARTIES

15. At all relevant times Plaintiff and class representative Debra Zanetti was a citizen of Wallington, New Jersey with an address of 184 Alden Street, Wallington, NJ 07057. Ms. Zanetti purchased a new home outfitted with IKO Shingles in approximately 1997. She first became aware of the problem with her shingles in approximately 2004 and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

16. At all relevant times Plaintiff and class representative Daniel Trongone was a citizen of Vineland, New Jersey with an address of 3285 Cornucopia Ave, Vineland, NJ 08361. Mr. Trongone purchased a new home outfitted with IKO Shingles in approximately 1996. He first became aware of the problem with his shingles in approximately 2006 and Plaintiff had no reasonable way to discover that the Shingles were defective until shortly before Plaintiff filed this Complaint.

17. Defendant IKO Manufacturing, Inc. is a Delaware corporation with significant business operations in Sumas, Whatcom County, Washington, where it conducts business as IKO Pacific, Inc.

18. Defendant IKO Industries, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendant IKO Manufacturing. IKO Industries, Ltd. is the owner of several patents that may apply to the Shingles manufactured by IKO Manufacturing. The company operates manufacturing plants in the United States, Canada, and Europe.

19. Defendant IKO Sales, Ltd. is a leading North American manufacturer and distributor of roofing materials and the parent company of Defendants IKO Manufacturing and IKO Industries, Ltd. The company owns and operates manufacturing plants in the United States, Canada, and Europe.

20. Defendant IKO Pacific, Inc. is a Washington corporation with significant business operations located in Sumas, Washington. IKO Pacific, Inc. manufactures, distributes, and sells Shingles throughout the United States, including Washington State.

21. Defendant IKO Chicago, Inc. is an Illinois corporation with significant business operations located in Kankakee, Illinois. IKO Chicago, Inc. manufactures, distributes, and sells Shingles throughout the United States, including Washington State.

## JURISDICTION AND VENUE

22. Defendants conduct substantial business in New Jersey, including the sale and distribution of the Shingles in New Jersey and have sufficient contacts with New Jersey or otherwise intentionally avails themselves of the laws and markets of New Jersey, so as to sustain this Court's jurisdiction over Defendants.

23. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d) in that Plaintiffs are class members and citizens of New Jersey. Class Members, as defined below, are all citizens of New Jersey. Defendants are citizens of Delaware, Illinois, Washington, and Canada, and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391, *et seq.* because a substantial part of the events or omissions giving rise to this claim occurred in the state of New Jersey. Additionally, venue is appropriate for the claims arising out of New Jersey's Consumer Fraud Act because the statute applies to any company engaging in any of the activities regulated by the Act within the State of New Jersey.

## CLASS ALLEGATIONS

25. This action has been brought and may properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and case law thereunder on behalf of Plaintiffs and all others similarly situated, with the Class defined as follows:

6

All individuals and entities that have owned, own, or acquired homes, residences, buildings or other structures physically located in the State of New Jersey on which IKO Shingles are or have been installed since 1979. IKO Shingles are defined to include without limitation all asphalt shingles manufactured or distributed by IKO. Excluded from the Class are Defendants, any entity in which Defendant has a controlling interest or which has a controlling interest of Defendant, and Defendant's legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

26. Members of the Class are so numerous that their individual joinder is impracticable. The proposed class contains hundreds and perhaps thousands of members. The precise number of Class members is unknown to Plaintiffs. However, upon information and belief, Plaintiffs believe it is well in excess of 1,000. The true number of Class members is likely to be known by Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice.

27. There is a well-defined community of interest among members of the Class. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, and all Class members, own homes, residences, or other structures on which defective Shingles manufactured by Defendants have been installed. Those Shingles have failed, and will continue to fail, prematurely. The representative Plaintiffs, like all Class members, have been damaged by Defendants' conduct in that they have suffered damages as a result of the incorporation of the defective Shingles into their homes or structures.

7

Furthermore, the factual bases of Defendants' conduct are common to all Class members and represent a common thread of negligent conduct resulting in injury to all members of the Class.

28. There are numerous questions of law and fact common to Plaintiffs and the Class, and those questions predominate over any questions that may affect individual Class members, and include the following:

a. Whether the Shingles are defective in that they are subject to moisture penetration, cracking, curling, blistering, blowing off the roof, prematurely failing, and are not suitable for use as an exterior roofing product for the length of time advertised, marketed and warranted;

b. Whether Defendants should have known of the defective nature of the Shingles;

c. Whether Defendants owed a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture and marketing of the Shingles;

d. Whether Defendants breached their duty to Plaintiffs and the Class by designing, manufacturing, advertising and selling to Plaintiffs and the Class defective Shingles and by failing promptly to remove the Shingles from the marketplace or take other appropriate remedial action;

e. Whether the Shingles failed to perform in accordance with the reasonable expectations of ordinary consumers;

f. Whether the benefits of the design of the Shingles do not outweigh the risk of their failure;

g. Whether the Shingles fail to perform as advertised and warranted;

h. Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages; and

i. Whether Defendants should be declared financially responsible for notifying all Class members of their defective Shingles and for all damages associated with the incorporation of such Shingles into Class Members' homes, residences, buildings and other structures.

29. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting statewide, multistate and national consumer class actions, actions involving defective products, and, specifically, actions involving defective construction materials. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class they represent, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the Class.

30. Plaintiffs and the members of the Class have all suffered and will continue to suffer harm and damages as a result of Defendants' conduct. A class action is

superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law. Because of the relatively small size of the individual Class member's claims, it is likely that only a few Class members could afford to seek legal redress for Defendants' conduct. Further, the cost of litigation could well equal or exceed any recovery.

31. Absent a class action, Class members will continue to incur damages without remedy. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment would conserve the resources of the courts and the litigants, and will promote consistency and efficiency of adjudication.

**ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS**

32. Defendants are estopped from relying on any statutes of limitation by virtue of its acts of fraudulent concealment, which include Defendants' intentional concealment from Plaintiffs and the general public that their shingles were defective, while continually marketing the Shingles as dependable products that would last for decades. Defendants' acts of fraudulent concealment include failing to disclose that their Shingles were defectively manufactured and would deteriorate in less than half their expected lifetime, leading to damage to the very

10

structures they were purchased to protect. Through such acts Defendants were able to conceal from the public the truth concerning their product.

33. Until shortly before Plaintiffs filed their original complaint, Plaintiffs had no knowledge that the IKO Shingles they purchased were defective and unreliable. Plaintiffs had no reasonable way to discover the defects until shortly before Plaintiffs filed their original complaint.

34. Defendants had a duty to disclose that its Shingles were defective, unreliable and inherently flawed in their design or manufacturer.

## FIRST CAUSE OF ACTION
### (Negligence)

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

35. Defendants had a duty to Plaintiffs and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, and marketing of the Shingles.

36. Defendants breached their duty to Plaintiffs and the Class by designing, manufacturing, advertising and selling to Plaintiffs and the Class, a product that is defective and will fail prematurely, and by failing to promptly remove the Shingles from the marketplace or to take other appropriate remedial action.

37. Defendants knew or should have known that the Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by Defendants.

38. As a direct and proximate cause of Defendants' negligence, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes, residences, buildings and other structures, an exterior roofing product that is defective and that fails prematurely due to moisture penetration. These failures have caused and will continue to cause Plaintiffs and the Class to incur expenses repairing or replacing their roofs as well as the resultant, progressive property damage.

39. Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for establishment of a common fund, plus attorney's fees, interest and costs.

## SECOND CAUSE OF ACTION
### (Strict Products Liability)

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

40. At all relevant times, Defendants were engaged in the business of manufacturing the Shingles which are the subject of this action.

41. The Shingles were expected to and did reach Plaintiffs and the Class without substantial change to the condition in which they were manufactured and sold by Defendants.

42. The Shingles installed on Plaintiffs' and the Class Members' properties were and are defective and unfit for their intended use. The use of the Shingles has caused and will continue to cause property damage to Plaintiffs and the Class.

43. Defendants' Shingles fail to perform in accordance with the reasonable expectations of Plaintiffs, the Class, and ordinary consumers.

44. The benefits of the design of the Shingles do not outweigh the risk of their failure.

45. By reason of the foregoing, Defendants are strictly liable to Plaintiffs and the Class.

46. Plaintiffs on behalf of themselves and all other similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

**THIRD CAUSE OF ACTION**
**(Breach of Express Warranty)**

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraph of this Complaint.

13

47. Defendants marketed and sold their Shingles into the stream of commerce with the intent that the Shingles would be purchased by Plaintiffs and members of the Class.

48. Defendants expressly warranted that their Shingles are permanent, impact resistant, and would maintain their structural integrity. Defendants' representatives, through their written warranties regarding the durability of, and the quality of the Shingles, created express warranties which became part of the basis of the bargain Plaintiffs and members of the Class entered into when they purchased the Shingles.

49. Defendants expressly warranted that the structural integrity of the Shingles purchased by Plaintiffs and Class members would last at least 20 years and as long as a lifetime.

50. Defendants breached their express warranties to Plaintiffs and the Class in that Defendants' Shingles are neither permanent nor impact resistant and did not, and do not, maintain their structural integrity and perform as promised. Defendants' Shingles crack, split, curl, warp, discolor, delaminate, blow off the roof, deteriorate prematurely, and they otherwise do not perform as warranted by Defendants, and they have caused or are causing damage to the underlying roof elements, structures or interiors of Plaintiffs' and Class members' homes, residences, buildings, and structures.

51. Defendants' warranties fail their essential purpose because they purport to warrant that the Shingles will be free from structural breakdown for up to as long as a lifetime when, in fact, Defendants' Shingles fail far short of the applicable warranty period.

52. Moreover, because the warranties limit Plaintiffs' and Class members' recovery to replacement of the Shingles piece by piece, with replacement labor not included, Defendants' warranties are woefully inadequate to repair and replace failed roofing, let alone any damage suffered to the underlying structure due to the inadequate protection provided by the IKO Shingles. The remedies available in Defendants' warranties are limited to such an extent that they do not provide a minimum adequate remedy.

53. The limitations on remedies and the exclusions in Defendants' warranties are unconscionable and unenforceable.

54. Defendants have denied or failed to pay in full the warranty claims.

55. As a result of Defendants' breach of their express warranties, Plaintiffs and the Class have suffered actual damages in that they purchased and installed on their homes and other structures, an exterior roofing product that is defective and that has failed or is failing prematurely due to moisture penetration. This failure has required or is requiring Plaintiffs and the Class to incur significant expense in repairing or replacing their roofs. Replacement is required to prevent on-going

and future damage to the underlying roof elements, structures or interiors of Plaintiffs' and Class members' homes and structures.

56. Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants for compensatory damages for themselves and each member of the Class, for the establishment of the common fund, plus attorney's fees, interest and costs.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

Plaintiffs incorporate by reference each of the allegations contained in all of the preceding paragraphs of this Complaint.

57. At all times mentioned herein, Defendants manufactured or supplied IKO Shingles, and prior to the time it was purchased by Plaintiffs, Defendants impliedly warranted to Plaintiffs, and to Plaintiffs' agents, that the product was of merchantable qualify and fit for the use for which it was intended.

58. Plaintiffs and Plaintiffs' agents relied on the skill and judgment of the Defendants in using the aforesaid product.

59. The Product was unfit for its intended use and it was not of merchantable quality, as warranted by Defendants in that it had propensities to break down and fail to perform and protect when put to its intended use. The aforesaid product did cause Plaintiffs to sustain damages as herein alleged.

16

60. After Plaintiffs was made aware of Plaintiffs's damages as a result of the aforesaid product, notice was duly given to Defendants of the breach of said warranty.

61. As a direct and proximate result of the breach of said warranties, Plaintiffs and the Class members suffered and will continue to suffer loss as alleged herein in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of Consumer Fraud Act)

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

62. Defendants are manufacturers, marketers, sellers, or distributors of the Shingles.

63. The conduct described above and throughout this Complaint took place within the State of New Jersey and constitutes unfair business practices in violation of New Jersey's Consumer Fraud Act N.J. Rev. Stat. § 56:8-1 et seq. (2008) (hereinafter, "CFA").

64. The CFA applies to the claims of all the Class members because the conduct which constitutes violations of the CFA by the Defendants occurred within the State of New Jersey.

65. In violation of the CFA, Defendants employed fraud, deception, false promise, misrepresentation and the knowing concealment, suppression, or omission of material facts in their sale and advertisement of Shingles in the State of New Jersey.

17

66. The omissions described herein were likely to deceive consumers into purchasing the Shingles.

67. As a direct and proximate cause of the violation of the CFA, described above, Plaintiffs and members of the Class have been injured in that they have purchased the defective Shingles based on nondisclosure of material facts alleged above.

68. Defendants knew or should have known that the Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented by Defendants.

69. Defendants used unfair methods of competition and unfair or deceptive acts or practices in conducting its business. This conduct constitutes fraud within meaning of the CFA. This unlawful conduct is continuing, with no indication that Defendants will cease.

70. Defendants' actions in connection with the manufacturing and distributing of the Shingles as set forth herein evidences a lack of good faith, honesty in fact and observance of fair dealing so as to constitute unconscionable commercial practices, in violation of the State of New Jersey Consumer Fraud Act, N.J. Rev. Stat § 56:8-1, et seq.

71. Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless indifference when it committed these acts of consumer fraud.

72. As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiffs and the other members of the Class will suffer damages, which include, without limitation, cost to inspect, repair or replace their Shingles and other property in an amount to be determined at trial.

73. As a result of the acts of consumer fraud described above, Plaintiffs and the Class have suffered ascertainable loss–actual damages that include the purchase price of the products for which Defendants are liable to the Plaintiffs and the Class for treble their ascertainable losses, plus attorneys' fees and costs, along with equitable relief prayed for herein in this Complaint.

## SIXTH CAUSE OF ACTION
### (Fraudulent Concealment)

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

74. At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiffs the true facts concerning the IKO Shingles–that said product was defective and unreliable. Defendants made the affirmative representations as set forth above to Plaintiffs, the Class, and the general public, prior to the date Plaintiffs purchased the IKO Shingles, while concealing the material described herein.

75. At all times mentioned herein, Defendants had the duty and obligation to disclose to Plaintiffs the true facts concerning the IKO Shingles, that is that IKO Shingles

were defective, would prematurely fail, and otherwise were not as warranted and represented by Defendants.

76. At all times mentioned herein, Defendants intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiffs and with the intent to defraud as herein alleged.

77. At all times mentioned herein, Plaintiffs and members of the Class were not aware of the facts set forth above and had they been aware of said facts, they would not have acted as they did, that is, would not have purchased IKO Shingles.

78. As a result of the concealment or suppression of the facts set forth above, Plaintiffs and the Class members sustained damages in an amount to be determined at trial.

**SEVENTH CAUSE OF ACTION**
**(Breach of Contract)**

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

79. Plaintiffs and the Class members have entered into certain contracts and warranty agreements with Defendants, including an express warranty. Pursuant to these contracts and agreements, including the express warranty, Defendants would provide Plaintiffs and the Class members with Shingles that were of merchantable quality and fit for the use for which they were intended. Defendants were further

20

obligated pursuant to the express warranty to repair or replace any defects or problems with the Shingles that Plaintiffs and the Class members experienced. In exchange for these duties and obligations, Defendant received payment of the purchase price for these Shingles from Plaintiffs and the Class.

80. Plaintiffs and the Class satisfied their obligations under these contracts, warranties and agreements.

81. Defendants failed to perform as required by the express warranty and breached said contracts and agreements because they provided Plaintiffs and the Class with Shingles that are defective and unfit for their intended use and failed to appropriately repair or replace the Shingles.

82. As a result of the foregoing, Plaintiffs and the Class members are entitled to compensatory damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint.

83. Substantial benefits have been conferred on Defendants by Plaintiffs and the Class and Defendants have appreciated these benefits.

84. Defendants' acceptance and retention of these benefits under the circumstances make it inequitable for Defendants to retain the benefits without payment of the value to the Plaintiffs and the Class.

21

85. Defendants, by the deliberate and fraudulent conduct complained of herein, have been unjustly enriched in a manner that warrants restitution.

86. As a proximate consequence of Defendants' improper conduct, the Plaintiffs and the Class members were injured. Defendants have been unjustly enriched, and in equity, should not be allowed to obtain this benefit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief, on behalf of themselves and all others similarly situated:

a. For an Order certifying the Plaintiffs' Class, appointing Plaintiffs as Class Representatives, and appointing the undersigned counsel of record as Class counsel;

b. Equitable and injunctive relief enjoining Defendants from pursuing the policies, acts, and practices described in this Complaint;

c. For damages under statutory and common law as alleged in this Complaint, in an amount to be determined at trial;

d. Pre-judgment and post-judgment interest at the maximum rate allowable at law;

e. The costs and disbursements incurred by Plaintiffs and their counsel in connection with this action, including reasonable attorneys' fees; and

f. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the members of the Class hereby demand trial by jury on all issues so triable.


Dated: June 25, 2009                          LEVIN, FISHBEIN, SEDRAN & BERMAN

                                              /s/ Charles Schaffer                .
                                              Charles Schaffer, Atty. No. 76259
                                              Arnold Levin, Atty. No. 2280
                                              510 Walnut Street - Suite 500
                                              Philadelphia, PA 19106-3697
                                              Telephone: 215.592.1500
                                              Facsimile: 215.592.4663

                                              HALUNEN & ASSOCIATES
                                              Clayton D. Halunen
                                              Shawn J. Wanta
                                              1650 IDS Center
                                              80 South Eighth Street
                                              Minneapolis, MN 55402
                                              Telephone: 612.605.4098
                                              Facsimile: 612.605.4099

                                              LOCKRIDGE, GRINDAL & NAUEN, P.L.L.P.
                                              Robert J. Shelquist
                                              100 Washington Avenue South, Suite 2200
                                              Minneapolis, MN 55401
                                              Telephone: 612.339.6900
                                              Facsimile: 612.339.0981

                                              AUDET & PARTNERS, LLP
                                              Michael A. McShane
                                              221 Main Street, Suite 1460
                                              San Francisco, CA 94105
                                              Telephone: 415.568.2555
                                              Facsimile: 415.576.1776